FLORA RIVERA, demandante y recurrente, *v.* CRISTINO RODRÍGUEZ, en nombre y representación del veterano incapacitado FERNANDO DÍAZ, demandado y recurrido.

*Número:* R-65-47      *Resuelto:* 20 de enero de 1966

---

*Mario A. Rodríguez,* abogado de la recurrente; *Elías González Mathews,* abogado del recurrido.

Sala Segunda integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

El matrimonio contraído en 28 de junio de 1918 por Fernando Díaz y Flora Rivera fue disuelto mediante sentencia de divorcio dictada por tribunal competente en 23 de abril de 1963. Díaz perteneció a las fuerzas armadas de Estados Unidos y al ser licenciado, después de prestar servicios mientras era casado, se le concedió una pensión por incapacidad que disfrutó durante varios años.[1] Se acepta que con dineros procedentes de la "pensión"[2] adquirió bonos fede-

---

[1] Para una breve historia de la legislación federal relacionada con las pensiones por incapacidad, véase, 38 U.S.C. págs. 5–26.

[2] En la estipulación suscrita por las partes a los fines de someter la controversia no se especificó si se trataba de una pensión—pago periódico por edad, años de servicios o incapacidad no relacionada con el servicio— o de una compensación—pago periódico por incapacidad resultante del servicio. 38 C.F.R. §§ 3.3 y 3.4.

rales en una suma de alrededor de $6,800.([2a]) Además, tenía un balance en la cuenta corriente que su tutor mantenía en el Banco Popular de Puerto Rico y había anticipado cierta cantidad para reservar un solar en la Urbanización Lomas Verdes de Bayamón. Al dictar sentencia en la acción interpuesta para liquidar la sociedad de gananciales el tribunal de instancia expresó que "[e]l producto de las pensiones recibidas es privativo del demandado, así como los bienes que adquirió con dicho producto," fundándose en que las pensiones participan de la naturaleza de una donación por constituir una gracia del Estado.

Decidimos revisar la sentencia dictada.

■ Contrario a lo que ocurre en otras áreas, *Wissner* v. *Wissner*, 338 U.S. 655 (1950), la reglamentación federal guarda silencio en cuanto a la naturaleza ganancial o privativa de una pensión o compensación concedida a un veterano que está domiciliado en un estado en que rige la sociedad legal de gananciales. 38 C.F.R. § 3.1 et seq. Hemos de recurrir, pues, a la legislación local para determinar el carácter ganancial o privativo, *Buchser* v. *Buchser*, 231 U.S. 157 (1913).

Ya desde 1255 en el Fuero Real([3]) se proponía una solu-

---

[2a] Sobre el derecho en el producto de bonos federales que figuran a nombre de uno de los cónyuges únicamente adquiridos con fondos de la sociedad de gananciales, véanse, *Yiatchos* v. *Yiatchos*, 376 U.S. 306 (1964) y *Free* v. *Bland*, 369 U.S. 663 (1962); 31 C.F.R. § 315.55; cf. *Barrios* v. *Sucn. Manzano*, 79 D.P.R. 950 (1957).

[3] Ley 2, Tít. 3 del Libro 3ro., subsiguientemente incorporada en la Nueva Recopilación de 1567 como la Ley 3, Título 9 del Libro 5to. y en la Novísima Recopilación como la Ley 2, Título 4 del Libro 10mo. Decía así, tomado de De Funiak, *Principles of Community Property*, vol. 2, pág. 13:

"Si el marido alguna cosa ganare de herencia de padre o de madre, o de otro propinquo, o de donadío de señor, o de pariente o amigo, o en la hueste del Rey, o de otro que vaya por su soldada, hayalo todo cuanto ganare por suyo; y si fuere en hueste sin soldada, a costa de si y de su muger, quanto ganare desta guisa, todo sea del marido y de la muger, ca asi como la costa es comunal de ambos, lo que asi ganaren comunal de ambos: esto que dicho es de suso de las ganancias de los maridos, eso mismo sea de las mugeres."

24

ción que dependía de si el servicio prestado al monarca era remunerado o gratuito. Razonábase que si el servicio era gratuito, los gastos del marido eran sufragados por la sociedad de gananciales y la pensión tenía por propósito resarcirla de los mismos; si por el contrario, el servicio era remunerado, se suponía que cubría los gastos de éste, y por ende, la pensión era de su exclusiva pertenencia. *Symposium: Community Property*, 25 La. L. Rev. 77, 138 (1964). También se aducía que cuando no recibía pagos, se privaba a la comunidad de sus servicios y la pensión constituía una compensación por ello, *Howard* v. *Ingle*, 180 So. 248, 253 (La. 1938); si era remunerado, los prestados no eran en adelantamiento de la sociedad, sino del rey y la patria, y la compensación se le concedía como un medio de estimular estos servicios al monarca. De Funiak, *Principles of Community Property*, vol. 1, § 75, pág. 194; Scaevola, *Código Civil* (1905), tomo 22, págs. 130 y 194 a 199.

■ Con el advenimiento de las democracias populares y la desaparición de los regímenes monárquicos, el fundamento jurídico de la pensión no lo constituye un acto de recompensa del soberano, sino una obligación moral del estado. Se rechaza, pues, el carácter de donación de la pensión. (⁴) Cf. *United States* v. *Realty Co.*, 163 U.S. 427, 441 (1896).

En Luisiana, estado en donde impera el régimen económico de la sociedad de gananciales, planteóse recientemente el problema. El caudal relicto al fallecimiento de un causante—veterano incapacitado—comprendía exclusivamente bonos de Estados Unidos y dinero en efectivo acumulados de pagos recibidos del gobierno federal por concepto de una

---

(⁴) Es cierto que se ha conservado la calificación de donación en algunas decisiones judiciales, pero ello ha sido al único fin de fijar la responsabilidad del gobierno, o sea, para consagrar su carácter revocable. *Lynch* v. *United States*, 292 U.S. 571 (1934); *United States* v. *Teller*, 107 U.S. 64 (1883); *Turner* v. *United States*, 237 F.2d 700 (8th Cir. 1956); *Morgan* v. *United States*, 115 F.2d 427 (5th Cir. 1940). Véase, sin embargo, *Johnson* v. *Johnson*, 23 S.W. 1022 (Texas 1893).

pensión por una incapacidad sobrevenida durante el matrimonio. Dijo el tribunal en *Succession of Scott*, 91 So.2d 574, 577 (1956):

"Opinamos que los pagos por incapacidad hechos al causante ... no deben considerarse puramente gratuitos, y que, por tanto, constituyen un activo de la sociedad de gananciales que previamente existió entre marido y mujer. Una simple lectura del estatuto revela que su propósito fue uno de justicia social y natural, y que los beneficios provistos eran y son en reconocimiento de la obligación moral del Gobierno de Estados Unidos de ayudar al sostenimiento de los veteranos incapacitados o sus dependientes—una deuda de toda la nación a aquellas personas que perdieron total o parcialmente *su capacidad para obtener ingresos* al realizar un esfuerzo que resultó en el bienestar común." ([5]) (Énfasis nuestro.)

En *French* v. *French*, 112 P.2d 235 (Cal. 1941), 134 A.L.R. 366, se sostuvo que los pagos mensuales periódicos que un miembro de la marina recibía por servicios prestados mientras estuvo casado constituyen bienes de la sociedad conyugal sujetos a ser distribuidos al disolverse ésta por divorcio. Cuando los servicios se han prestado en fecha anterior al matrimonio, se impone una solución contraria, *Succession of Lewis*, 189 So. 118 (La. 1939); *Moore* v. *Moore*, 192 S.W.2d 929 (Texas 1946). Más recientemente, en *Benson* v. *City of Los Angeles*, 384 P.2d 649 (Cal. 1963), se dijo que los derechos de pensión concedidos a un empleado municipal constituyen parte integrante de su sueldo por ser un elemento de su compensación contractual, siendo gananciales si el empleado es casado mientras presta los servicios. Respecto al carácter ganancial de los pagos recibidos por la esposa por su condición de dependiente de un miembro de las fuerzas armadas, véanse, *Sterret* v. *Sterret*, 228 S.W.2d 341 (Texas 1950), y *Hokenson* v. *Hokenson*, 162 P.2d 592 (Wash. 1945).

---

([5]) En *United States* v. *Brown*, 110 F.Supp. 370 (S.D. Cal. 1952), se llegó a un resultado distinto. Sin embargo la opinión no aduce los fundamentos para la conclusión y se limita a referir a una disposición del Código Civil del estado.

Véanse, además, *Retirement Benefits as Community Property in Divorce Cases*, 15 Baylor L. Rev. 284 (1963); *Applicability of Community Property Laws to National Service Life Insurance*, 47 Calif. L. Rev. 374 (1959); *Pension Funds and Problems under California Community Property Laws*, 2 Stan. L. Rev. 447 (1950); Notas en 23 So. Cal. L. Rev. 607 (1950) y 15 So. Cal. L. Rev. 226 (1942).

■ De todo lo reseñado se deduce que los pagos periódicos recibidos por un veterano con motivo de una incapacidad sobrevenídale mientras era casado constituyen activos de la sociedad legal de gananciales.[6] En efecto sustituyen los ingresos que pudieron haberse percibido de no haber ocurrido la incapacidad. Erró, por tanto, el tribunal de instancia al sostener que eran privativos los bienes adquiridos con dinero procedente de la acumulación de las pensiones del demandado.

*Se revocará la sentencia dictada por el Tribunal Superior, Sala de Bayamón, en 16 de febrero de 1965, y se devolverá el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

---

[6] El derecho de pensión que se menciona en el Art. 1303 del Código Civil, 31 L.P.R.A. sec. 3643, se refiere a la pensión en su aspecto civil, como las de censo de renta vitalicia, alimenticias, perpetuas y al legado de pensiones, pero no a la de aspecto administrativo, que se asigna a una persona por sus méritos o servicios prestados. Véanse, *Diccionario de Derecho Privado*, tomo 1, págs. 2951-2953; Scaevola, *op. cit.*, pág. 202; Manresa, *Comentarios al Código Civil Español* (ed. 1950), vol. 9, págs. 520-525.