EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Lydia E. Cruz y otros<br>    Peticionarios<br><br>        v.<br><br>Estado Libre Asociado de<br>Puerto Rico<br><br>    Recurridos | Certificación<br><br>2013 TSPR 78<br><br>188 DPR ____ |

Número del Caso: CT-2013-11

Fecha: 28 de junio de 2013

Abogado de la Parte Peticionaria:

        Lcdo. Ernesto Aponte Rosario

Abogada de la Parte Recurrida:

        Lcda. Beatriz Annexy Guevara

Materia: Resolución con Voto Particular Disidente

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Lydia E. Cruz y otros

     Peticionarios

         v.

                              CT-2013-011

Estado Libre Asociado de Puerto Rico

     Recurridos

RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de junio de 2013.

A la petición de certificación que presentaron los peticionarios, no ha lugar. Véase, Trinidad Hernández v. E.L.A., Op. de 24 de junio de 2013, CT-2013-8, CT-2013-9 y CT-2013-10, 2013 T.S.P.R. __. Esa opinión dispone de los señalamientos y fundamentos expuestos por los peticionarios. Del propio estatuto se desprende con claridad que los beneficios de aguinaldo de navidad y aumentos trienales no son parte de la pensión de los retirados. Sobre el particular, el Art. 1-101 de la Ley Núm. 447 de 15 de mayo de 1951, según enmendado, 3 L.P.R.A. sec. 761, dispone en lo pertinente:

> Por las secs. 761 a 788 de este título se crea un sistema de retiro y beneficios que se denominará Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico el cual se considerará un fideicomiso. Los fondos del Sistema que por la presente se crea, se utilizarán y aplicarán, según lo dispuesto en las secs. 761 a 788 de este título, en

provecho de los miembros participantes de su matrícula, sus dependientes y beneficiarios, para el pago de anualidades por retiro y por incapacidad, anualidades y beneficios por defunción y otros beneficios, una vez satisfechos los requisitos que más adelante se establecen, para en esta forma conseguir economía y eficiencia en el funcionamiento del Gobierno del Estado Libre Asociado de Puerto Rico.

Advertimos de su faz que el Art. 1-101, íd., no define qué constituye la pensión. Eso se hace en el Art. 2-101 de la Ley Núm. 447, supra, según enmendado, 3 L.P.R.A. sec. 766. Allí se define la pensión como "una anualidad por retiro" y se establece la fórmula que determina la elegibilidad y el importe de esa anualidad. Lo único que se hace en el Art. 1-101, supra, es establecer que el fideicomiso de retiro se estableció para pagar la anualidad, los beneficios específicos que allí se mencionan "y otros beneficios" que el legislador adopte. No los hace parte de la anualidad.

Definida la pensión como una "anualidad por retiro", tenemos que concluir entonces que los otros beneficios concedidos no son parte de la pensión. Son beneficios adicionales que la Asamblea Legislativa ha concedido. En otras palabras, son lo que la ley dice que son; "otros beneficios". Es por eso que en Trinidad Hernández v. E.L.A., supra, pág. 11, esc. 2, dijimos que "los beneficios otorgados mediante las leyes especiales que la Reforma del Sistema de Retiro elimina no forman parte de su pensión".

Abona a nuestra conclusión el trato desigual que el legislador ha dado a esos beneficios. Por ejemplo, el aumento de tres porciento en las pensiones que se otorgó mediante legislación se sufragaría, por mandato legislativo, por el presupuesto general del Estado Libre Asociado. Art. 3 de la Ley Núm. 157-2003, 3 L.P.R.A. sec. 761 n. En cambio, el aguinaldo de navidad a los pensionados se sufragaría por el fideicomiso del sistema de retiro. Art. 3 de la Ley Núm. 98 de 4 de junio de 1980, según enmendada, 3 L.P.R.A. sec. 761 n. Así pues, es evidente que todos los beneficios especiales no se sufragan del fideicomiso del sistema de retiro.

Conforme con lo antes expuesto, reiteramos que la eliminación de beneficios adicionales a los retirados que introdujo la Ley Núm. 3-2013 no constituye un menoscabo que viole la Constitución. Véanse, Art. 1 Sec. 10 de la Constitución de Estados Unidos; Art. II Sec. 7 de la Constitución de Puerto Rico, L.P.R.A. Tomo I.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo, Interina. El Juez Asociado señor Estrella Martínez emitió Voto Particular Disidente al cual se unen la Jueza Asociada señora Pabón Charneco y los Jueces Asociados señores Kolthoff Caraballo y Rivera García.

Camelia Montilla Alvarado
Secretaria del Tribunal Supremo, Interina

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Lydia E. Cruz y otros

    Peticionarios

       v.

                          CT-2013-011      Certificación

Estado Libre Asociado de Puerto
Rico y Otros

    Recurridos

Voto particular disidente emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ, al cual se unen la Jueza Asociada señora PABÓN CHARNECO y los Jueces Asociados señores KOLTHOFF CARABALLO y RIVERA GARCÍA

San Juan, Puerto Rico, a 28 de junio de 2013.

Desde los inicios de la vigencia de la Constitución, que todos los jueces y juezas de este Tribunal juramos defender, los pensionados han confiado en el entendimiento certero de que "[c]on el advenimiento de las democracias populares y la desaparición de los regímenes monárquicos, el fundamento jurídico de la pensión no lo constituye un acto de recompensa del soberano, **sino una obligación moral del Estado**". (Énfasis suplido.) <u>Rivera v. Rodríguez</u>, 93 D.P.R. 21, 24 (1966).

Uno de los principios claves en una verdadera democracia es la existencia de mecanismos para que sus ciudadanos tengan acceso

al reclamo de sus derechos, independientemente de que constituyan una mayoría o minoría cuantitativa. Lamentablemente, cinco compañeros y compañeras de este Tribunal nuevamente han optado por no ejercer su rol en la protección de los derechos constitucionales de ciudadanos afectados por la Ley Núm. 3-2013. Tristemente, ahora en nuestra democracia las pensiones por retiro del servicio público han sido degradadas a una mera gracia del Estado. Peor aún, ha quedado en el olvido el reconocimiento reiterado de que la pensión de un jubilado no está sujeta a cambios o menoscabos.

Por considerar que las pensiones trastocadas poseen **una protección absoluta**, a la luz de la cláusula en contra del menoscabo de las obligaciones contractuales, y que la Ley Núm. 3-2013 menoscaba los derechos adquiridos de los pensionados, respetuosamente disiento.

I

El 24 de junio de 2013, un grupo de exempleados públicos **acogidos al retiro**, presentaron ante esta Curia un recurso de Certificación, en el cual solicitaron que se declare inconstitucional la Ley Núm. 3-2013, por ésta incidir adversamente sobre sus derechos adquiridos al disfrute de un Aguinaldo de Navidad, un Bono de Verano y un aumento periódico de sus pensiones, según estos beneficios le fueron reconocidos en la Ley Núm. 447 de 15 de mayo de 1951, al igual que en otras leyes especiales.

En sus recursos, los peticionarios invocan la Sección 7 del Art. II de la Constitución de Puerto Rico, la cual

impide que el Estado promulgue leyes que menoscaben relaciones contractuales, incluyendo aquellas que son públicas en su naturaleza. Art. II, Sec. 7, Const. P.R., L.P.R.A. Tomo 1. A su vez, descansan en el Art. 3 del Código Civil de Puerto Rico para argüir que los beneficios que le fueron reconocidos, por virtud de diferentes leyes especiales, son derechos adquiridos que no pueden ser afectados retroactivamente. Art. 3, Código Civil de Puerto Rico, 31 L.P.R.A sec. 3.

Teniendo presente que los peticionarios que acuden ante nos son empleados **retirados, quienes ya eran acreedores de los beneficios de retiro que la Ley Núm. 3-2013 pretende privarles**, pasemos a repasar el marco jurídico aplicable.

## II

Este Tribunal ha establecido con meridiana claridad que los empleados públicos que ya se han acogido al retiro poseen un derecho adquirido **de carácter absoluto** sobre los beneficios de jubilación que le han sido reconocidos. A esos efectos, hemos pautado que la pensión de estos individuos no "está sujeta a cambios o menoscabos", ya que tales beneficios son un "derecho adquirido de naturaleza contractual".[1] Bayrón Toro v. Serra, 119 DPR 605, 618

---

[1] En la parte II de la Opinión disidente que emití en el caso Trinidad Hernández y otros v. E.L.A., discuto extensamente los elementos requeridos para todo análisis al amparo de la cláusula constitucional en contra del menoscabo de las relaciones contractuales. Véase, Op. Dis. del Juez Asociado señor Estrella Martínez, págs. 3-19, res. el 24 de junio de 2013. En aquella ocasión, citando a Bayrón Toro v. Serra, *supra*, expuse que en nuestra

(1987). Véanse, también: Rodríguez v. Retiro, 159 D.P.R. 467, 474 y 477 (2003); Calderón Morales v. Adm. de los Sistemas de Retiro, 129 D.P.R. 1020, 1032 (1992).

Es por ello que **todo perjuicio legislativamente infundido a los beneficios de retiro de un pensionado es improcedente, de cara a la protección constitucional instaurada por la Sección 7 del Art. II de la Constitución de Puerto Rico**, la cual impide el menoscabo de relaciones contractuales, incluyendo los contratos de retiro pactados entre el Estado y el empleado pensionado. Art. II, Sec. 7 de la Constitución de Puerto Rico. Véase, también, Bayrón Toro v. Serra, *supra*, pág. 607.

En aras de aplicar la prohibición constitucional esbozada urge plantearnos, como punto de partida, cuáles

---

jurisdicción, distinto a otras, **el sistema de retiro público es considerado un contrato público sujeto a la Sec. 7 del Art. II de la Constitución de Puerto Rico**. Íd., págs. 13-14. De tal manera, queda satisfecho el primer criterio requerido por el Tribunal Supremo federal en General Motors Corp. v. Rein, 503 U.S. 181, 186 (1992), al momento de analizar una alegada violación de la cláusula constitucional en contra del menoscabo de relaciones contractuales, el cual exige determinar, como cuestión de umbral, si existe una relación contractual.

Los restantes criterios del Tribunal Supremo federal, según fueron esbozados en General Motors Corp. v. Rein, *supra*, a saber: que una legislación menoscabe la relación contractual, y que el menoscabo indicado sea sustantivo en su naturaleza también están presentes en el caso de autos. En primer lugar, y según lo estableceremos más adelante, la Ley Núm. 3-2013 menoscaba la relación contractual pactada entre los empleados públicos y el Estado al afectar el sistema de retiro público. En segundo plano, de establecerse que el plan de pensión de los empleados retirados ha sido menoscabado, tal menoscabo, sin importar su grado de intensidad, ya es considerado como uno sustancial en su naturaleza y prohibido por la cláusula constitucional bajo examen.

son los componentes de la pensión de retiro sobre la que un pensionado ostenta un derecho adquirido de carácter contractual. A esos efectos, es imperativo examinar el Art. 1-101 de la Ley Núm. 447, el cual desglosa tales elementos. Veamos.

Desde la primera línea del Art. 1-101 de la Ley Núm. 447, el legislador expresamente reconoció que los beneficios concedidos por ley son parte integral del importe que recibirán los retirados. Específicamente, estableció lo siguiente: "[p]or la presente se crea un sistema de retiro **y beneficios** que se denominará 'Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico´ el cual se considerará un fideicomiso."

El Art. 1-101 de la Ley Núm. 447, dispone que el sistema de retiro de Puerto Rico existe para el "provecho de los miembros participantes de su matrícula, sus dependientes y beneficiarios, para el pago de anualidades por retiro y por incapacidad, anualidades y beneficios por defunción **y otros beneficios...**".[2] (Énfasis suplido.) 3 L.P.R.A. sec. 761. De tal manera, podemos concluir que la pensión garantizada a los empleados retirados, incluye los siguientes componentes: (1) el pago de una anualidad por retiro; (2) el pago de una anualidad por incapacidad, de ser aplicable; (3) el pago de una anualidad, al igual que

---

[2]Amerita resaltar que la Sección 1 de la Ley Núm. 3-2013 no enmendó el referido articulado. Véase, Sección 1, Ley Núm. 3-2013.

otros beneficios, por motivo de la muerte; y **(4) cualquier otro beneficio cuyo pago deba sufragarse del fideicomiso para el sistema de retiro, aunque el mismo sea conferido por virtud de una ley especial.**

A la luz de lo anterior, **el Estado viene obligado a respetar el pago de las partidas antes mencionadas, en función de la cláusula constitucional en contra del menoscabo de las obligaciones contractuales**, sin importar que alguna de ellas sea conferida por virtud de una ley especial. Lo anterior responde a nuestros pronunciamientos jurisprudenciales, en los cuales hemos establecido que la referida garantía protege los "términos o condiciones **esenciales del contrato** que principalmente dieron motivo a la celebración de éste **de modo que [no] se frustren las expectativas de las partes**". Domínguez Castro v. E.L.A., 178 D.P.R. 1, 83 (2010). En iguales términos, así lo requiere el Art. 3 del Código Civil de Puerto Rico, el cual dispone que cuando una ley tenga efecto retroactivo, ésta no podrá "perjudicar los derechos adquiridos al amparo de una legislación anterior". 31 L.P.R.A sec. 3; Hernández Colón v. Pol. de P.R., 177 D.P.R. 121, 146-148 (2009).

Una vez queda establecido que se ha menoscabado algún componente de la pensión de un retirado, según lo hemos detallado anteriormente, huelga hablar de la intensidad del menoscabo. Ello, en función de lo que hemos reiterado a lo largo de esta Opinión: que el Estado no está legitimado a afectar, de forma alguna, **el derecho**

**adquirido** de un empleado jubilado sobre sus beneficios de retiro, por virtud de la cláusula constitucional bajo examen, nuestros pronunciamientos jurisprudenciales y el Art. 3 del Código Civil, *supra*.

Habiendo repasado estos principios constitucionales, pasemos a reseñar cómo la Ley Núm. 3-2013 priva a los empleados públicos ya retirados de ciertos derechos adquiridos.

III

Consciente de la realidad jurídica antes explicada, de que la pensión de un retirado es intocable, la Sección 29 de la Ley Núm. 3-2013 contiene la denominada "Preservación de Beneficios". Bajo este acápite, la Ley Núm. 3-2013 expone que los "**beneficios** bajo esta Ley de los participantes del Sistema **que se pensionaron** en o antes del 30 de junio de 2013, **no serán modificados**, incluyendo los beneficios que reciben o recibirían sus beneficiarios en caso de muerte". Sin embargo, una lectura de la referida Ley Núm. 3-2013 demuestra lo contrario. Abundemos.

Antes de la aprobación de la Ley Núm. 3-2013, los pensionados recibían beneficios adicionales que, entre otros, incluían un aumento trienal, un Aguinaldo de Navidad ascendente a $600 y un Bono de Verano de $100. La aprobación de la Ley Núm. 3-2013 despojó de un plumazo a los pensionados del aumento trienal, del Bono de Verano y redujo el Bono de Navidad de $600 a sólo $200.

Los empleados públicos que se acogieron al retiro por virtud de la Ley Núm. 447 y la Ley Núm. 1 de 16 de febrero de 1990 gozaban, desde el 1 de enero de 1992, del derecho a que sus anualidades por años de servicio, edad o incapacidad, fuesen aumentadas en un 3% cada 3 años. Art. 2-104, Ley Núm. 447, 3 L.P.R.A. sec. 766e. El Estado catalogó este derecho como una "obligación moral de ayudar a mejorar la condición de vida de lo(a)s pensionado(a)s, personas que dieron lo mejor de su vida en el servicio del Pueblo de Puerto Rico". Exposición de Motivos, Ley Núm. 35-2007. Además, el referido aumento existía con el fin de palear la disminución relativa del valor de las anualidades de los pensionados, por causa del aumento en el costo de vida impuesto por el transcurso del tiempo. Íd.

Desde el 1992, la Asamblea Legislativa proveyó diferentes legislaciones conducentes a ese fin, siendo el último aumento trienal aquel conferido el 24 de abril de 2007, por virtud de la Ley Núm. 35-2007. Véanse: Ley Núm. 35-2007; Ley Núm. 157-2003; Ley Núm. 10-1992. Véase, también, Puerto Rico Government Employee's Retirement System, Actuarial Valuation Report, 30 de junio de 2011, pág. 57.

El Art. 2-113 de la Ley Núm. 447 reconoce que el beneficio del aumento trienal es parte inherente al fideicomiso de retiro. 3 L.P.R.A. sec. 775. Según lo disponía el Art. 2-104 de la Ley Núm. 447, el pago del aumento trienal quedó sujeto a que el actuario del sistema

de retiro emitiera una recomendación favorable a esos efectos y que se identificaran los fondos para su pago por vía de legislación. 3 L.P.R.A. secs. 766e y 775. De tal manera, sólo ante la falta de recomendación del actuario es que se reconoce la posibilidad de privar **temporeramente** a los pensionados de recibir este beneficio. Ello, sin necesidad de que se derogue en su totalidad tal derecho adquirido, el cual forma parte del fideicomiso y, a su vez, constituye un componente de la pensión. Ahora bien, una vez el actuario reconoce como un pasivo el pago del aumento trienal, y en ausencia de legislación para proveer el pago de esa obligación, el Sistema de Retiro deberá sufragar este beneficio con cargo al fideicomiso. Ello, porque el derecho al referido aumento está engranado en la Ley Núm. 447 como un beneficio a sufragarse y una obligación del fondo de retiro. Íd.

A esos efectos, el último informe del actuario del sistema del fondo de retiro emitido el 30 de junio de 2011, asumió que los beneficios conferidos por virtud del aumento trienal serían otorgados a los pensionados. Véase, Actuarial Valuation Report, *supra*, págs. 37 y 84. A pesar de que el informe del actuario provee para el pago de estos beneficios, **la Sección 6 de la Ley Núm. 3-2013 eliminó por completo el Art. 2-104, desechando, a su vez, el derecho de todo pensionado al pago del aumento trienal.** Véase, Sec. 6, Ley Núm. 3-2013.

Como si fuera poco, el pensionado tampoco gozará del beneficio de un Aguinaldo de Navidad con el cual ha contado desde la vigencia de la Ley Núm. 98 de 4 de junio de 1980. El dinero para sufragar el Aguinaldo de Navidad provenía de los fondos del fideicomiso del Sistema de Retiro en el caso de los pensionados o beneficiarios acogidos a la Ley Núm. 447, según enmendada. 3 L.P.R.A. sec. 761 nt. Este beneficio, que formaba parte de la pensión del retirado, respondió a un aumento programático para asegurarle un "agradable porvenir una vez abandona[ban] el servicio público y se acog[ían] a un merecido retiro". Véase, Exposición de Motivos de la Ley Núm. 144-2005. El último incremento fijó el Aguinaldo de Navidad en $600. 3 L.P.R.A. sec. 761 nt. A pesar de que la Ley Núm. 3-2013 enunció que no se modificarían los beneficios de los pensionados, ello no fue así, ya que ésta redujo el Aguinaldo de Navidad en $400. Por tanto, con la aprobación de la referida legislación, el jubilado tan sólo contará con $200 como pago de su Aguinaldo de Navidad.

Para empeorar el cuadro de modificaciones drásticas del pacto suscrito con los pensionados del Sistema de Retiro, éstos tampoco disfrutarán del Bono de Verano, con el cual contaban desde hace más de una década. Con el fin de incrementar los "beneficios existentes" a los pensionados, la Ley Núm. 37-2001 les reconoció un derecho a recibir un Bono de Verano de $100 –exento de contribuciones– a ser pagado antes del 15 de julio de cada

año. 3 L.P.R.A. sec. 757g. La Sección 33 de la Ley Núm. 3-2013 enmendó el Artículo 1 de la Ley Núm. 37-2001, **a los fines de excluir de este beneficio a los pensionados cobijados por la Ley Núm. 447**, según enmendada, a los acreedores de pensiones de los sistemas sobreseídos por esta ley, o a los administrados por la Administración de los Sistemas de Retiro que hoy acuden ante esta Curia.[3]

En consecuencia, el retirado no contará con un aumento trienal, un Bono de Verano y se le reduce su Aguinaldo de Navidad a la ínfima cantidad de $200. A la luz de estas consideraciones, pasemos a disponer de la controversia pendiente ante nuestra consideración.

IV

En el caso de autos, **los retirados** que, al 30 de junio de 2013, ya gozaban de los beneficios provistos por el sistema de retiro público, acuden ante esta Curia solicitando que se declare la inconstitucionalidad de la Ley Núm. 3-2013, por ésta violentar la cláusula constitucional en contra del menoscabo de las relaciones contractuales. Al igual que los peticionarios desamparados por este Tribunal en Trinidad Hernández v. E.L.A., los pensionados del caso de epígrafe cuentan con el aval indiscutible de la Justicia y del Derecho. Ahora bien, los pensionados poseen una protección mayor reforzada por los

---

[3]Hoy día la Ley Núm. 3-2013 únicamente reconoce el Bono de Verano a los pensionados bajo la Ley de Retiro de la Judicatura, Ley Núm. 12 de 19 de octubre de 1954, según enmendada, 4 L.P.R.A. secs. 233, et seq., según enmendada.

pronunciamientos de este Tribunal, según lo expusimos a la saciedad en nuestra exposición del Derecho.

Un pensionado posee un **derecho absoluto, intocable e incontestable a que su pensión** no sea trastocada de forma alguna por los actos legislativos del Soberano. Nuestra jurisprudencia ha establecido palmariamente que los beneficios de pensión, conferidos por el fideicomiso del fondo del retiro, son derechos adquiridos en su naturaleza, los cuales no pueden ser menoscabados por el Estado, una vez un empleado se acoge a la jubilación.

Cónsono con lo anterior, y debido a que la pensión de un retirado está compuesta por su anualidad de retiro **y por los otros beneficios que le sean reconocidos por Ley,**[4] cuyo pago provenga del fideicomiso del sistema de retiro, un empleado posee **un derecho adquirido** a todos los beneficios que le sean reconocidos por leyes especiales, especialmente cuando éstos sean sufragados por el fideicomiso del sistema de retiro.

En el caso de autos, la Ley Núm. 3-2013 ha eliminado por completo el aumento trienal de los exempleados

---

[4]Como bien establecimos anteriormente, la pensión de un retirado está compuesta por los beneficios reconocidos en el Artículo 1-101 de la Ley Núm. 447. Contrario a lo propuesto en la Resolución mayoritaria, el Artículo 2-101 de la Ley Núm. 447, se circunscribe a establecer cómo habrá de computarse la anualidad de retiro. De tal manera, una mayoría de este Tribunal limita erradamente el alcance del sistema de retiro y beneficios creados por esta Ley a una mera anualidad de retiro. Tal ejercicio interpretativo violenta el principio básico de hermenéutica que exige que las diferentes secciones de una ley no se interpreten aisladamente, sino íntegramente, las unas con las otras. Warner Lambert Co. v. Tribunal Superior, 101 D.P.R. 378, 386 (1973).

públicos que ya se acogieron al retiro. **Ello, a pesar de que tales beneficios deberían ser sufragados por los fondos del sistema de retiro, en ausencia de una fuente de financiamiento, y que, como resultado, constituyen una parte esencial de su pensión.**

Tal proceder es inaceptable de cara a la protección constitucional en contra del menoscabo de las relaciones contractuales, la cual prohíbe que se menoscabe la pensión de un retirado, **de forma alguna.** A su vez, esta legislación contraviene el Art. 3 de nuestro Código Civil, el cual impide que una legislación con efectos retroactivos prive a nuestros ciudadanos de sus derechos adquiridos.

Sin importar que la Constitución y nuestro ordenamiento legal vedan notoriamente el atropello configurado en la Ley Núm. 3-2013, una mayoría de esta Curia ha ignorado los pronunciamientos contundentes que en el pasado hemos promulgado, optando en su lugar por rechazar las pautas de nuestra Constitución. Al así obrar, cinco jueces de este Foro vuelven a maniatar los reclamos de miles de pensionados quienes, asistidos diáfanamente por la verdad inconmovible del Derecho y la Justicia, han acudido ante nos a reclamar lo que por Ley les corresponde.

Al igual que en <u>Trinidad Hernández v. E.L.A.</u>, *supra*, nuevamente este Tribunal niega a los peticionarios sus derechos constitucionales a los beneficios de retiro que les correspondían, claudicando así a su función

adjudicativa y validando injustamente una Ley que contraviene, a todas luces, las protecciones fundamentales de nuestra Ley Suprema.

Una mayoría de este Tribunal interpreta erróneamente que la pensión se reduce meramente a una anualidad por retiro. Con ello, ignoran que la Ley Núm. 447 creó y reconoció desde sus inicios un sistema de retiro **y beneficios.** No meramente un sistema de retiro. Una vez reconocidos esos derechos desde la creación del sistema, no podemos avalar la acción de la mayoría que persigue reducir la Ley Núm. 447 a un mero "pago de una anualidad de retiro", cuando el legislador creó un "sistema de retiro y beneficios". Sencillamente procedía revocar al Tribunal de Primera Instancia, en lugar de declarar *No Ha Lugar* la petición de los pensionados.

Como resultado, hoy este Tribunal participa activamente en la privación de los beneficios que le fueron garantizados por el Estado a nuestros pensionados. Los jueces que hoy avalan la validez de la ilícita Ley Núm. 3-2013, olvidan que los Tribunales representan el último garante de las protecciones inherentes a una democracia constitucional. Si renunciamos tan fácilmente a nuestra responsabilidad como guardianes finales de las exigencias de la Constitución, ¿cómo habrá de prosperar la justicia? La respuesta a esta interrogante, compañeros, ha quedado enturbiada y ensombrecida por la Resolución que hoy aprueba una mayoría de este Tribunal. Por ello, **disiento.**

V

Por entender que la decisión de una mayoría de este Tribunal violenta los derechos de nuestros pensionados al amparo de la Sec. 7 del Art. II de nuestra Constitución, hubiese expedido el recurso de epígrafe, revocado al Tribunal de Primera Instancia y declarado inconstitucional aquellas provisiones de la Ley Núm. 3-2013 que lesionan los derechos adquiridos de nuestros retirados.


                              LUIS F. ESTRELLA MARTÍNEZ
                                   Juez Asociado