| | | |
|---|---|---|
| | | *Certiorari,* se acoge como APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez |
| PEDRO RAÚL LEBRÓN VARGAS | | |
| Apelante | KLCE202400443 | |
| v. | | Caso núm.: MZ2022CV01195 |
| JOAN PÉREZ MARTÍNEZ | | Sobre: Liquidación de comunidad de bienes post ganancial |
| Apelada | | |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Bonilla Ortiz, la jueza Mateu Meléndez y la jueza Prats Palerm

**Figueroa Cabán, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 30 de mayo de 2024.

Comparece el señor Pedro Raúl Lebrón Vargas, en adelante el señor Lebrón o el apelante, quien solicita que revoquemos la *Sentencia Parcial* emitida el 6 de marzo de 2024 y notificada el día 19 del mismo mes y año. Mediante la misma, el Tribunal de Primera Instancia, Sala Superior de Mayagüez, en adelante TPI, declaró con lugar la *Moción de Sentencia Sumaria Parcial*, presentada por la señora Joan Pérez Martínez, en adelante la señora Pérez o la apelada. En consecuencia, declaró que las sumas de dinero que le suministró la Administración Federal de Veteranos al apelante, como compensación por incapacidad, son de carácter ganancial.

Como el recurso solicita la revisión de una *Sentencia Parcial* y el TPI ordenó su registro y notificación conforme a la Regla 42.3 de las Reglas de

Procedimiento Civil, lo acogemos como una apelación, aunque conservará su clasificación alfanumérica y por los fundamentos que expondremos a continuación, se confirma la *Sentencia Parcial* apelada.

-I-

La presente controversia se suscitó a raíz de una *Demanda* sobre liquidación de comunidad de bienes post ganancial, instada por el señor Lebrón contra la señora Pérez.[1]

La señora Pérez, mediante su *Contestación a la Demanda*, aceptó unos hechos, negó otros y como defensas afirmativas solicitó lo siguiente: (1) el pago de su pensión *pendente lite*; (2) el crédito por todos los fondos gananciales utilizados por el apelante para fines ajenos al bien familiar y/o en su nueva pareja; (3) la mitad del crédito correspondiente a los pagos realizados por ella con fondos privativos a gastos, deudas y obligaciones de la extinta sociedad conyugal, a partir del divorcio y los que se acumulen hasta la liquidación de la comunidad; (4) la mitad del crédito por adelantos de fondos que el señor Lebrón ha tomado o se ha adelantado de la comunidad; y (5) la mitad de las rentas que genera la posesión exclusiva del inmueble sito en Ponce.[2]

Por su parte, el señor Lebrón presentó una *Moción en Solicitud de Sentencia Sumaria Parcial*, en la que sostuvo que la "controversia versa sobre una cuestión de estricto derecho, a saber: ¿Es el dinero recibido por el demandante, vigente el matrimonio, por concepto de compensación de la Administración Federal de Veteranos,

---

[1] Apéndice del apelante, págs. 1-4.
[2] *Id*., págs. 9-15.

privativo o ganancial?". Conforme a su interpretación del derecho, alegó que, en tanto "la sociedad legal de gananciales no realizó aportaciones para que el Demandante fuese acreedor de tal compensación por sus incapacidades", el dinero es privativo.[3]

Posteriormente, la señora Pérez presentó una *Oposición a Solicitud para que se Dicte Sentencia Parcial Sumariamente y Solicitando que se Dicte a Favor de la Parte Demandada*, mediante la cual coincidió en que la controversia es de estricto derecho, pero discrepó en cuanto a la naturaleza privativa de los dineros que, por incapacidad, recibió el señor Lebrón.[4] Debido a que la Administración Federal de Veteranos aprobó la compensación mientras el matrimonio estaba vigente, arguyó que aquella es ganancial. Además, argumentó que la pensión por incapacidad sustituyó la pérdida de ingresos para la sociedad conyugal, por lo que "no constituye una indemnización por daños, ni se otorga para restituir la integridad física de la persona".

Con el beneficio de la comparecencia de ambas partes, el TPI dictó una *Sentencia Parcial* en la que identificó los siguientes hechos incontrovertidos:

1. Las partes en este caso estuvieron casadas entre sí bajo el régimen de sociedad legal de gananciales en virtud del matrimonio celebrado el 14 de julio de 1990 en Mayagüez, Puerto Rico.

2. Durante el matrimonio, desde abril de 1993 hasta el 4 de abril de 2018, el Demandante sirvió al Army National Guard. En ese periodo, el Demandante se movilizó en tres ocasiones a misiones de Guerra con el ARMY, actividades de las que le surgieron múltiples condiciones.

3. El 14 de julio de 2020, con efectividad al 27 de julio de 2017, la Administración Federal de Veteranos aprobó una compensación por incapacidad al Demandante por sus condiciones médicas relacionadas con su servicio militar. La compensación recibida por el retroactivo

---

[3] *Id.*, págs. 23-60A.
[4] *Id.*, págs. 61-76.

resultante desde la solicitud hasta la aprobación de la compensación fue de $70,983.66.

4. Al demandante se le concedió una compensación del cien por ciento (100%) por incapacidad, debido a este haber desarrollado un desorden no específico de ansiedad y como condición secundaria (60% o más), por haber desarrollado una incapacidad relacionada a su columna vertebral. Ambas condiciones fueron relacionadas al servicio militar que prestó el demandante para el Ejército de los Estados Unidos.

5. Estas condiciones lo incapacitaron para continuar realizando las labores que realizaba para el Army.

6. La compensación obtenida retroactivamente fue depositada el 17 de julio de 2020 en la MultiCuenta Popular del Demandante en el Banco Popular de Puerto Rico con el número 392-005845. De esta cantidad se le pagó el 20% a la abogada que gestionó la compensación, Lcda. Patricia Flores Feliciano, para un total de $14,196.73.

7. El Demandante siguió recibiendo la compensación de forma mensual.

8. Don Pedro Lebrón y Doña Joan Pérez obtuvieron sentencia de divorcio el 6 de mayo de 2021, notificada el 7 de mayo de 2021.[5]

En consideración a lo anterior, el foro sentenciador determinó lo siguiente:

Según lo resuelto por nuestro Tribunal Supremo en *Rivera v. Rodríguez*, 93 DPR 21 (1966), concluimos que los pagos periódicos recibidos por el aquí demandante durante la vigencia del matrimonio se reputan gananciales y constituyen activos de [*sic.*] extinta sociedad de bienes gananciales… [L]a compensación ascendiente a $70,983.66 fue obtenida como resultado de la incapacidad del demandante para generar dinero a base de lo que fue su trabajo en el Army National Guard. Dicha compensación se recibió durante la vigencia del matrimonio que unía a las partes de este litigio. En adición, las partidas en concepto de compensación por incapacidad, recibidas de forma mensual con posterioridad y hasta el día 6 de mayo de 2021 (día en que se dictó sentencia de divorcio) también se reputan gananciales por lo que, al igual que la compensación original, están sujetas a la división.

[L]as sumas de dinero, recibidas durante la vigencia del matrimonio, atribuibles a la compensación por incapacidad, proveniente de la Administración Federal de Veteranos, tienen el carácter de ganancial y por lo tanto deben ser divididas entre las partes a tenor con las disposiciones de nuestro ordenamiento jurídico.[6]

---

[5] *Id.*, págs. 82-93.
[6] *Id.*

Insatisfecho, el señor Lebrón presentó un *Certiorari Civil*, en el que alegó que el TPI cometió el siguiente error:

> ERRÓ EL TPI AL DETERMINAR QUE LA COMPENSACIÓN (NO PENSIÓN) RECIBIDA POR EL PETICIONARIO POR LESIONES SUFRIDAS EN EL POCO TIEMPO EN QUE ESTUVO ACTIVO EN LAS FUERZAS ARMADAS DE LOS ESTADOS UNIDOS ES GANANCIAL DADO A QUE SE TRATA DE UNA COMPENSACIÓN Y NO UNA PENSIÓN Y EL MATRIMONIO NO REALIZÓ APORTACIONES PARA QUE FUESE ACREEDOR DE TAL COMPENSACIÓN, NO SUSTITUYENDO ESTA PARTIDA EL INGRESO O SALARIO PUESTO A QUE EL PETICIONARIO CONTINUÓ SIRVIENDO A LA GUARDIA NACIONAL HASTA 2018 (CUANDO SE RETIRÓ DESPUÉS DE SER ACREEDOR DE LA COMPENSACIÓN) Y TENÍA UN EMPLEO FORMAL COMO CARTERO DEL SERVICIO POSTAL DE LOS ESTADOS UNIDOS.

La apelada no presentó su alegato en oposición en el término que establece el Reglamento del Tribunal de Apelaciones. En consideración a lo anterior, damos el recurso por perfeccionado y, en consecuencia, listo para adjudicación final.

Luego de evaluar el escrito del apelante y los documentos que obran en autos, estamos en posición de resolver.

**-II-**

**A.**

En nuestro ordenamiento jurídico el mecanismo de sentencia sumaria procura, ante todo, aligerar la tramitación de aquellos casos en los cuales no existe una controversia de hechos real y sustancial que exija la celebración de un juicio en su fondo.[7] Así pues, para adjudicar en los méritos una controversia de forma sumaria es necesario que de las alegaciones, deposiciones, contestaciones a interrogatorios, admisiones, declaraciones juradas, y de cualquier otra evidencia ofrecida, surja que no existe controversia

---

[7] *Rivera Matos, et al. v. ELA,* 204 DPR 1010 (2020); *Rodríguez García v. UCA*, *Inc.*, 200 DPR 929, 940 (2018).

real y sustancial en cuanto a algún hecho material y que, como cuestión de derecho, procede dictar sentencia sumaria a favor de la parte promovente.[8]

Finalmente, en *Meléndez González, et als. v. M. Cuebas, Inc. y Bohío Int., Corp.*, el Tribunal Supremo de Puerto Rico, en adelante TSPR, estableció el estándar específico que debe utilizar el Tribunal de Apelaciones para revisar una sentencia sumaria, a saber:

> **Primero**, reafirmamos lo que establecimos en *Vera v. Dr. Bravo*, supra, a saber: el Tribunal de Apelaciones se encuentra en la misma posición del Tribunal de Primera Instancia al momento de revisar Solicitudes de Sentencia Sumaria. En ese sentido, está regido por la Regla 36 de Procedimiento Civil, … y aplicará los mismos criterios que esa regla y la jurisprudencia le exigen al foro primario. Obviamente, el foro apelativo intermedio estará limitado en el sentido de que no puede tomar en consideración evidencia que las partes no presentaron ante el Tribunal de Primera Instancia y no puede adjudicar los hechos materiales en controversia, ya que ello le compete al foro primario luego de celebrado un juicio en su fondo. La revisión del Tribunal de Apelaciones es una *de novo* y debe examinar el expediente de la manera más favorable a favor de la parte que se opuso a la Moción de Sentencia Sumaria en el foro primario, llevando a cabo todas las inferencias permisibles a su favor.
>
> **Segundo**, por estar en la misma posición que el foro primario, el Tribunal de Apelaciones debe revisar que tanto la Moción de Sentencia Sumaria como su Oposición cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil … y discutidos en *SLG Zapata-Rivera v. JF Montalvo…*.
>
> **Tercero**, en el caso de revisión de una Sentencia dictada sumariamente, el Tribunal de Apelaciones debe revisar si en realidad existen hechos materiales en controversia. De haberlos, el foro apelativo intermedio tiene que cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil y debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos. Esta determinación puede hacerse en la Sentencia que disponga del caso y puede hacer referencia al listado numerado de hechos incontrovertidos que emitió el foro primario en su Sentencia.
>
> **Cuarto**, y por último, de encontrar que los hechos materiales realmente están incontrovertidos, el foro apelativo intermedio procederá entonces a revisar *de novo* si el Tribunal de Primera

---

[8] *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019); *González Santiago v. Baxter Healthcare*, 202 DPR 281 (2019); *Lugo Montalvo v. Sol Meliá Vacation Club*, 194 DPR 209, 224-225 (2015).

Instancia aplicó correctamente el Derecho a la controversia.[9]

**B.**

La sociedad de bienes gananciales es una figura jurídica que habitualmente regula la institución del matrimonio en Puerto Rico. Históricamente se le ha tratado como "una entidad económica familia *sui generis*, de características especiales, que no tiene el mismo grado de personalidad jurídica que las sociedades ordinarias o entidades corporativas".[10] Además, es una entidad con personalidad jurídica propia y separada de los integrantes que la componen.[11] "Bajo este régimen, los cónyuges figuran como codueños y administradores de todo el patrimonio matrimonial sin adscribírsele cuotas específicas a cada uno".[12]

Conforme al derogado Código Civil de Puerto Rico, son bienes gananciales:

(1) Los adquiridos por título oneroso durante el matrimonio a costa del caudal común, bien se haga la adquisición para la comunidad, bien para uno solo de los esposos.

(2) Los obtenidos por la industria, sueldo o trabajo de los cónyuges o de cualquiera de ellos.

(3) Los frutos, rentas o intereses percibidos o devengados durante el matrimonio, procedentes de los bienes comunes o de los peculiares de cada uno de los cónyuges.[13]

No obstante, con la disolución del matrimonio se extingue, *ipso facto,* la sociedad legal de bienes

---

[9] *Meléndez González, et als. v. M. Cuebas, Inc. y Bohío Int., Corp.,* 193 DPR 100, 118-119, 122 (2015). (Énfasis en el original) (citas omitidas).
[10] *Torres Zayas v. Montano Gómez*, 199 DPR 458, 466 (2017) (citando a *Muñiz Noriega v. Muñoz Bonet*, 177 DPR 967, 978 (2010); *Reyes v. Cantera Ramos*, 139 DPR 925, 928 (1996)).
[11] *Torres Zayas v. Montano Gómez, supra.*
[12] *Id.*, pág. 465 (citando a *SLG Báez-Casanova v. Fernández et al.,* 193 DPR 192, 196 (2015) (Sentencia); *Montalván, v. Rodríguez,* 161 DPR 411*,* 420 (2006).
[13] Art. 1301 del Código Civil, 31 LPRA sec. 3641. Cabe destacar que el Código Civil de Puerto Rico de 1930, vigente al momento en que surgieron los hechos del presente caso, fue derogado y sustituido mediante la Ley Núm. 55-2020, aprobada el 1 de junio de 2020, conocida como Código Civil de Puerto Rico de 2020.

gananciales.[14] En su lugar, nace una comunidad de bienes de la cual los excónyuges son copartícipes.[15] Esta comunidad está compuesta por todos los bienes del haber antes ganancial, en la cual cada partícipe posee una cuota independiente y alienable con el correspondiente derecho a intervenir en la administración de la comunidad y a pedir su división.[16]

En lo aquí pertinente, el TSPR resolvió que "los pagos periódicos recibidos por un veterano con motivo de una incapacidad sobrevenídale mientras era casado constituyen activos de la sociedad legal de gananciales. En efecto[,] sustituyen los ingresos que pudieron haberse percibido de no haber ocurrido la incapacidad".[17]

-III-

Para el apelante, los dineros depositados por concepto de una pensión por incapacidad, otorgados por la Administración de Veteranos, son de naturaleza privativa. Esto es así, porque no sustituyen los salarios dejados de percibir en beneficio de la sociedad de gananciales, ya que mantuvo su empleo en el Servicio Postal de los Estados Unidos de América. Además, la sociedad legal de gananciales no realizó aportaciones para que se generara el derecho a recibir la compensación en cuestión. Finalmente, a su entender, la naturaleza jurídica de una compensación por incapacidad está regulada, exclusivamente, por las leyes y reglamentos de naturaleza federal, no por el ordenamiento jurídico local.

---

[14] Art. 1315 del Código Civil, 31 LPRA sec. 3681; *Montalván* v. *Rodríguez*, *supra*, pág. 420.
[15] *Soto López* v. *Colón*, 143 DPR 282, 287 (1997).
[16] *Montalván* v. *Rodríguez*, *supra*, pág. 421.
[17] *Rivera* v. *Rodríguez*, 93 DPR 21, 26 (1966).

Como cuestión de umbral, determinamos que las partes cumplieron los requisitos de forma de la Regla 36 de las de Procedimiento Civil.[18] Aclarado lo anterior, de la revisión de los documentos que obran en autos se desprende que no existen controversias de hechos que impidan la adjudicación sumaria de la disputa ante nuestra consideración. Ello lo ratifican las partes. En consecuencia, corresponde examinar si el foro recurrido aplicó correctamente el derecho y a nuestro entender, sí lo hizo, por lo cual corresponde confirmar la *Sentencia Parcial* apelada. Veamos.

La controversia de derecho ante nuestra consideración ya fue resuelta en 1966. En *Rivera v. Rodríguez*, *supra*, se determinó que las sumas de dinero recibidas por los veteranos casados, en concepto de incapacidad, sustituyen los ingresos que, por los daños sufridos, el incapacitado dejó de aportar a la sociedad legal de gananciales.[19] De modo, que el pago de las aportaciones por incapacidad, recibidas por el señor Lebrón durante la vigencia del matrimonio con la señora Pérez, son gananciales.

**-IV-**

Por los fundamentos expresados, se confirma la *Sentencia Parcial* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[18] Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1.
[19] *Rivera v. Rodríguez*, *supra.*